**Arnoldo CHAVEZ–ARREAGA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 91–2714.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 4, 1991.

Decided Dec. 6, 1991.*

---

\* This case originally was decided by unpublished order under Circuit Rule 53. At the request of the INS the panel decided to publish its opinion.

Milton A. Tornheim, Chicago, Ill., for petitioner.

Fred Foreman, U.S. Atty., Crim. Div., Chicago, Ill., Richard M. Evans, Alison R. Drucker, Lori L. Scialabba, David V. Bernal, Dept. of Justice, Office of Immigration Litigation, Richard L. Thornburgh, U.S. Atty. Gen., Washington, D.C., A.D. Moyer, Seth B. Fitter, I.N.S., Chicago, Ill., Marshall T. Golding, Office of Immigration Litigation, Civ. Div., Washington, D.C., for respondent.

Before CUMMINGS, POSNER and EASTERBROOK, Circuit Judges.

PER CURIAM.

Arnoldo Chavez–Arreaga entered the United States illegally in 1973 but became a lawful permanent resident in 1980 after he married a citizen of the United States. In 1989 Chavez–Arreaga pleaded guilty to unlawful possession of marijuana and was sentenced to six years' imprisonment. (The stiff sentence for such an offense may reflect the influence of other, more serious, charges dismissed as part of a plea bargain.)

Conviction for a drug offense meant his loss of permanent residence status, and the INS commenced deportation proceedings. Chavez–Arreaga conceded deportability but argued for discretionary relief under 8 U.S.C. § 1182(c). To be eligible for relief under this statute the alien must have lived as a permanent resident in the United States for seven years (the span 1980 to 1989 meets this standard). Beyond eligibility lies discretion, and the Board of Immigration Appeals, the Attorney General's delegate for this purpose, concluded that Chavez–Arreaga is not an appropriate recipient of discretion. Illinois released Chavez–Arreaga on parole from his sentence on October 22, 1991, and the INS immediately took him into custody pending deportation.

We have concluded in cases such as *Cordoba–Chaves v. INS,* 946 F.2d 1244 (7th Cir.1991), that judicial review of decisions under this statute is deferential. Chavez–Arreaga makes two challenges to the BIA's decision. One of these—that a felon must be allowed some time after release from prison to show rehabilitation and thus earn a favorable exercise of discretion—is inconsistent with *Cordoba–Chaves.* Cordoba–Chaves was still in prison when the BIA refused to exercise discretion in his favor, and we nonetheless affirmed its decision. Immigration officials need not allow convicted felons who have lost their entitlement to permanent residence to remain here indefinitely while they try to present themselves in new light. The *norm* under the statute is deportation after a drug offense; Chavez–Arreaga would make deportation the exception, delayed even when allowed.

Chavez–Arreaga's other contention is that the BIA should have exercised discretion in his favor even on the current record. He emphasizes his marriage, his children, his productive employment, his years of lawful residence, and the hardship he and his family face if he is deported to Mexico. (His wife has said that she will not follow him.) The BIA considered all of these (which it described as "outstanding equities" in his favor) but found them out-

weighed by the serious crimes he committed (Chavez–Arreaga was caught with 229 grams of cocaine and 14.5 pounds of marijuana, which he had been distributing) and other considerations: Chavez–Arreaga's mother and five siblings live in Mexico and could ease his transition back to that nation; he is fluent in Spanish (he failed to become a citizen of the United States because he could not pass the English examination); he did not supply "evidence as to any educational or developmental programs taken while in prison".

Rational balancing of the equities by the BIA, coupled with deferential judicial review, means that there is no basis to upset its order. Although the Board could have decided to give Chavez–Arreaga another chance, under the statute it does not have to. The decision ordering Chavez–Arreaga's deportation is

AFFIRMED.