**Lauriberto IGNACIO, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 91–5088.

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1992.

Rehearing and Rehearing En Banc Denied March 19, 1992.

Lee Teran, Barbara Hines and Robert F. Greenblum, Lawyers' Committee for Civ. Rights under Law of Texas, Austin, Tex., for petitioner.

William Barr, Atty. Gen., Philemina McNeill Jones, Atty., Donald E. Keener, Acting Asst. Director and Robert L. Bombough, U.S. Dept. of Justice, Washington, D.C., for respondent.

John B.Z. Caplinger, Dist. Director, I.N.S., New Orleans, La., other interested parties.

Before POLITZ, Chief Judge, KING, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Following the Board of Immigration Appeals' reversal of the Immigration Judge's grant of relief from deportation under § 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c), Lauriberto Ignacio moves this court to order that an automatic stay of the Board's final order of deportation is in effect, or in the alternative, grant a stay of deportation. For the reasons set forth below, we deny Ignacio's motion.

## I. FACTS AND PROCEDURAL HISTORY

On September 9, 1983, Ignacio was convicted of conspiracy to import cocaine in

violation of 21 U.S.C. § 963; use of a telephone in commission of felonies under 21 U.S.C. §§ 843(b) and 952, in violation of 21 U.S.C. § 843(b); conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846; and use of a telephone in commission of a felony under 21 U.S.C. § 952, a violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. After serving an eight-year prison term, Ignacio was released to the Immigration and Naturalization Service (INS). In a deportation hearing held on July 23, 1991, Ignacio was found deportable under INA § 241(a)(2)(B)(i), 8 U.S.C. § 1251(a)(2)(B)(i),[1] as an alien convicted of a controlled substance violation. Ignacio conceded deportability and applied for a discretionary waiver of deportability under INA § 212(c), 8 U.S.C. § 1182(c). The Immigration Judge granted Ignacio the waiver. The Government appealed this decision to the Board, contending that, as "an alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least five years,"[2] Ignacio was ineligible for a § 212(c) waiver. The Board reversed the decision of the Immigration Judge and held that Ignacio was ineligible for the § 212(c) waiver because he had been convicted of an aggravated felony and had served more than five years in prison. Ignacio had contended that the statutory bar did not apply to him because his conviction was in 1983 and the aggravated felony provision was not added by the Anti–Drug Abuse Act (ADAA) until 1988.[3]

Ignacio has petitioned this court for a review of the Board's decision ordering him deported from the United States. Meanwhile, the Immigration Service has indicated that it plans to execute the final order to deport Ignacio. Since the crime for which Ignacio was convicted falls under the definition of "aggravated felony," the INS considers Ignacio ineligible for an automatic stay of deportation pursuant to 8 U.S.C. § 1105a(a)(3).[4] Ignacio moves this court to stay his deportation, arguing that (1) he is eligible for an automatic stay because § 1105a(a)(3) does not apply to convictions that predate the passage of the ADAA, (2) denial of the stay would violate his Fifth Amendment due process rights, and (3) he is eligible for a discretionary stay of deportation. We address each of these issues in turn below.

## II. DISCUSSION

### A. Eligibility for an automatic stay

■ First, Ignacio argues that he qualifies for an automatic stay of deportation because Congress did not intend for the aggravated felony exception to apply to convictions before 1988. Section 1105a(a)(3) serves to stay a final order of deportation automatically pending judicial review of the Board decision, "unless the court otherwise directs or unless the alien is convicted of an aggravated felony." *Id.* The Immigration Act of 1990 (IMMACT) amended this section to provide further

---

**1.** This provision states:

(B) Controlled substances

(i) Conviction

Any alien who at any time after entry has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

**2.** INA § 212(c), 8 U.S.C. § 1182(c), as amended by § 601 of the Immigration Act of 1990, Pub.L. No. 101–649, 104 Stat. 4978, 5075–5076 (effective Nov. 29, 1990) (IMMACT).

**3.** In rejecting this argument, the Board relied on an INS interim rule to apply the § 212(c) bar

retroactively. *See* 56 Fed.Reg. 50033 (Oct. 3, 1991). It furthured reasoned:

The Anti–Drug Abuse Act of 1988 ... is silent as to the effective date of the aggravated felony provision. In contrast, section 7344 of the Anti–Drug Abuse Act of 1988 ... is specifically noted to be applicable only prospectively. Had Congress intended for the definition section of the Anti–Drug Abuse Act of 1988 similarly be applied only prospectively, it could readily have done so.

**4.** IMMACT revised this provision to exclude aliens who had been convicted of aggravated felonies from receiving the benefit of an automatic stay pending judicial review of their deportation orders. *See* IMMACT § 513(a), *codified at* 8 U.S.C. § 1105a(a)(3). The court retains the power to grant a discretionary stay pending review. *See id.*

that, if the alien has been convicted of an aggravated felony, "the Service shall not stay the deportation of the alien pending determination of the petition of the court unless the court otherwise directs." In December, new legislation amended this provision so that it would "apply to convictions entered before, on, or after [the effective] date." Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 (Technical Amendments), Pub.L. No. 102–232, 105 Stat. 1733, § 306(a)(11) (amending IMMACT § 513(b)). This amendment "take[s] effect as if included in the enactment of the Immigration Act of 1990." Technical Amendments § 310(1).

We have not yet confronted the question of whether the newly amended automatic stay provision would apply to aliens in Ignacio's situation. Before the passage of the Technical Amendments, the Ninth Circuit held that Congress intended the IMMACT amendment to the automatic stay provision to apply only prospectively to aliens who are convicted of aggravated felonies on or after the effective date of the Anti–Drug Abuse Amendment (November 18, 1988), when the term "aggravated felony" was first added to the Immigration and Nationality Act. *Ayala–Chavez v. INS,* 945 F.2d 288, 294–95 (9th Cir.1991) (addressing the question as one of first impression). *Ayala–Chavez* reasoned that the structure and language of the ADAA indicate that Congress intended for the deportation-related provisions to operate only prospectively. *See id.* at 291–93. However, *Ayala–Chavez* recognized that § 513(b) of the IMMACT did "not in any way address the substantive retroactivity question—when the *conviction* must have occurred." 945 F.2d at 291 n. 5 (emphasis in original). The Technical Amendments answer this question.

Congress added the "on, before, or after" language to the effective date provision accompanying the 1990 revision of § 1105a(a)(3). *See* Technical Amendments § 306(a)(11) (amending § 513(b) of IMMACT). Ignacio maintains that § 306(a)(11) of the Technical Amendments was not intended to preclude aggravated felons from obtaining an automatic stay if their convictions predated the passage of the ADAA. We disagree. The insertion of the "on, before, or after" language demonstrates a clear intent to bar from an automatic stay those aliens whose convictions fall under the definition of "aggravated felony," regardless of the date of those convictions. *Cf. United States v. Koziel,* 954 F.2d 831, 833, (2d Cir.1992) (holding that "on, before, or after" language in IMMACT § 505(b) gives provision eliminating judicial recommendations against deportation full retroactive effect); *United States v. Bodre,* 948 F.2d 28, 35 (1st Cir. 1991) (same).

■ It would distort the plain meaning of this language to limit the application of the § 1105a(a)(3) bar to convictions for aggravated felonies following the enactment of the ADAA. Further, it is well settled that Congress has the authority to make past criminal activity a new ground for deportation. *See id.* at 32, citing *Lehman v. United States ex rel. Carson,* 353 U.S. 685, 690, 77 S.Ct. 1022, 1024, 1 L.Ed.2d 1122 (1957) (alien convicted of crimes involving moral turpitude in 1936 found deportable under Immigration and Nationality Act of 1952); *Mulcahey v. Catalanotte,* 353 U.S. 692, 694, 77 S.Ct. 1025, 1027, 1 L.Ed.2d 1127 (1957) (alien with 1923 narcotics convictions found deportable under 1952 Act); *cf. Harisiades v. Shaughnessy,* 342 U.S. 580, 593–96, 72 S.Ct. 512, 520–22, 96 L.Ed. 586 (1952) (upholding retroactive application of 1940 statute that made deportable aliens who had joined the communist party at any time after entering the United States). In view of the plain language of amended § 513(b) of IMMACT and this precedent, we hold that 8 U.S.C. § 1105a(a)(3) applies to any alien who has been convicted of an offense that falls within the definition of "aggravated felony" found at 8 U.S.C. § 1251(a)(2)(B)(i), regardless of the date of that conviction. Consequently, Ignacio is precluded from obtaining an automatic stay of deportation.

### B. Request for a discretionary stay

■ Ignacio next contends that denial of a stay in his case would deprive him of

his Fifth Amendment right to due process. Specifically, Ignacio argues that the Constitution requires that he receive judicial review of the Board decision because he is a long-term resident of the United States with United States citizen family members. This contention is without merit. Ignacio is entitled to judicial review. However, first he must demonstrate his eligibility for a discretionary stay before we can review the Board's decision. *See Saadi v. INS*, 912 F.2d 428, 428 (10th Cir.1990) ("The right to judicial review of a final deportation order does not require the INS to defer deportation.") (citing *Umanzor v. Lambert*, 782 F.2d 1299, 1303 (5th Cir. 1986)). This requirement does not offend due process. We therefore proceed to review the merits of his request for an discretionary stay of deportation.

 Before we can grant a discretionary stay, a movant must show: (1) a likelihood of success on the merits; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the movant outweighs the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public interest.[5] *See Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir.1981), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1982). In *Ruiz*, we added that if a serious legal question is involved, the first prong requires a showing only of "a substantial case on the merits." *Id.* Ignacio argues that the issue of whether the Board properly classified him as an aggravated felon in denying him discretionary relief from deportation presents a substantial case on the merits. He also shows that denial of a stay would separate him from his family and render his appeal moot. Finally, Ignacio asserts that the public interest will be served by allowing the court to interpret the statutory provision at issue. Ignacio's request for review of the denial of § 212(c) relief rests on the same proposed interpretation of the ADAA as did his request for an automatic stay.

We do not find that his claim, that the ADAA has only prospective effect in that context, shows a likelihood of success or substantial merit as required under the first prong we review. Further, although he undoubtedly will suffer some hardship as a result of the denial of a stay, we do not find that this represents the irreparable harm that a stay aims to prevent. Finally, the recent revisions to the INA reflect a strong public interest in deporting from the United States aliens who have been convicted of serious drug offenses. Therefore, we conclude that Ignacio fails to meet the requisite criteria to obtain a stay of deportation.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that the petitioner's motion for a stay of deportation is DENIED.

---

5. In *Zardui–Quintana v. Richard*, 768 F.2d 1213 (11th Cir.1985), the Eleventh Circuit pointed out that a request for a judicial stay of deportation is akin to and should be treated as a request for injunctive relief. *Id.* at 1215 & n. 7. Thus, the same four-factor balancing test applies to both.