995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Josette Guirand MASSAC, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-4353.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1993.
 
 1
 Before: JONES and NELSON, Circuit Judges, and FRIEDMAN, District Judge.*
 
 ORDER
 
 2
 Josette Guirand Massac, a federal prisoner, moves for in forma pauperis status and appeals from an order of the Board of Immigration Appeals affirming a decision of an Immigration Judge ordering her deportation. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Massac is a native of Haiti who entered this country in 1981. She concedes that she evaded inspection by the authorities at the time of her entry. In 1987, she was convicted of possession with intent to distribute crack cocaine, conspiracy to distribute cocaine, and using the proceeds of drug sales in financial transactions. She is presently serving a ten year sentence as a result of that conviction. During her incarceration, the respondent initiated deportation proceedings against her on the grounds of entry without inspection and conviction of a controlled substance violation, under 8 U.S.C. §§ 1251(a)(1)(B) and 1251(a)(2)(B)(i). A hearing was held at which Massac admitted the facts forming the basis for her deportation. She was accordingly ordered deported. That result was affirmed by the Board of Immigration Appeals. Massac now argues that she was deprived of due process and effective assistance of counsel at her hearing. She also argues that she is entitled to asylum or withholding of deportation.
 
 
 4
 Upon review, we find no basis for overturning the order of deportation. There is no Sixth Amendment right to counsel in a deportation proceeding. Lozada v. I.N.S., 857 F.2d 10, 13 (1st Cir.1988). Massac's due process challenge fails because she has not shown substantial prejudice such that the outcome of the proceeding would have been different absent the alleged deprivations. See Ibrahim v. United States I.N.S., 821 F.2d 1547, 1550 (11th Cir.1987). Furthermore, Massac's criminal conviction renders her ineligible for asylum or withholding of deportation. See Martins v. I.N.S., 972 F.2d 657, 659-61 (5th Cir.1992) (per curiam).
 
 
 5
 Accordingly, the motion for pauper status is granted, and the order of the Board of Immigration Appeals is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Bernard A. Friedman, U.S. District Judge for the Eastern District of Michigan, sitting by designation