14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Doda DJELAJ, Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE, Appellee
 No. 92-4056.
 United States Court of Appeals, Sixth Circuit.
 Jan. 14, 1994.
 
 Before: MERRITT, Chief Judge; SUHRHEINRICH, Circuit Judge; WELLFORD, Senior Circuit Judge.
 MERRITT, Chief Judge.
 
 
 1
 Doda Djelaj, a Yugoslav national, appeals the denial by the Board of Immigration Appeals ("BIA") of his request for relief from deportation under Sec. 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. Sec. 1182(c).
 
 
 2
 Because we do not find that the BIA abused its discretion in denying Djelaj relief from deportation, we affirm the BIA's ruling.
 
 I.
 
 3
 Doda Djelaj is an ethnic Albanian citizen of Yugoslavia[1] who entered the United States in 1973 at the age of 24 as a refugee, with his wife and eldest daughter. Djelaj's two other children were born in the U.S. and are U.S. citizens. Djelaj became a lawful permanent resident in 1978.
 
 
 4
 From his entry into this country until the late 1980s, Djelaj was regularly employed. A welder by profession, he worked from 1973 to 1982 for an engineering company. After that company went out of business, he managed several restaurants and a nightclub. After his release from prison, Djelaj appears to have worked as a welder again. He also acquired a restaurant near Detroit, toward the purchase of which he invested $10,000 and still carries a loan. Djelaj also owns rental property in Michigan. He owns no property in Yugoslavia and has only been back to visit twice, in 1978 and 1986, but his parents, two brothers, and two sisters still live there, and he speaks the language.
 
 
 5
 On November 9, 1987, Djelaj was convicted by a federal jury of conspiracy to distribute cocaine and was sentenced to three years in prison. He served roughly two years.
 
 
 6
 On August 10, 1988, the Immigration and Naturalization Service ("INS") served upon Djelaj an Order to Show Cause, charging him with deportability as an alien convicted of a drug offense, under Sec. 241(a)(11) of the INA, 8 U.S.C. Sec. 1251.[2] Djelaj admitted deportability but requested discretionary relief under Sec. 212(c).
 
 
 7
 On September 14, 1989, Djelaj pled guilty in a Michigan state court to attempted preparation to burn down a restaurant he owned. After his release from his first prison term (for the drug conviction), Djelaj was held by the INS for three and a half months and then served roughly five months for the arson conviction.
 
 
 8
 On October 22, 1990, an Immigration Judge ("IJ") found Djelaj to be deportable, denied discretionary relief from deportation under Sec. 212(c), and ordered Djelaj deported.
 
 
 9
 On July 17, 1992, the BIA affirmed the IJ's decision after finding that the IJ had considered all the relevant factors and was correct in concluding that no exercise of discretionary relief was warranted, and entered a final order of deportation. The BIA found that Djelaj had presented several "unusual or outstanding equities" in favor of relief but judged that they were outweighed by his drug conviction. It also noted that he had another conviction and an admitted history of drug use (another ground for deportation under Sec. 241(a)(11), see supra n. 2). Djelaj appeals from this final order of deportation.
 
 II.
 
 10
 Section 212(c) of the INA provides that "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General ..." 8 U.S.C. Sec. 1182(c). The Attorney General has delegated enforcement of the INA to specific authorities within the INS. 8 C.F.R. Secs. 2.1, 3.0, 3.1.
 
 
 11
 Although on its face Sec. 212(c) applies only to exclusion proceedings, the courts have extended its availability to deportation proceedings. De Gonzalez v. INS, 996 F.2d 804, 806 (6th Cir.1993); this line of cases may be traced back to In re Silva, 16 I & N Dec. 26, 30 (BIA 1976), which adopted the holding of Francis v. INS, 532 F.2d 268, 273 (2d Cir.1976). Thus, once it is determined that the Sec. 212(c) applicant is a lawful permanent resident with an unrelinquished domicile of seven consecutive years, whose deportability rests upon one of the listed statutory grounds, the Attorney General has discretion to grant or deny relief from deportation. Djelaj meets the requirement of seven years' domicile and faces deportation on the basis of one of the enumerated statutory grounds, "violation of ... any law ... relating to a controlled substance," 8 U.S.C. Sec. 1182(a)(2)(A)(i)(II). He is therefore eligible for Sec. 212(c) relief from deportation.
 
 
 12
 Eligibility for relief is only the first hurdle, however. In considering a request for relief, an immigration judge "must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears in the best interest of this country." In re Marin, 16 I & N Dec. 581, 584 (BIA 1978).
 
 
 13
 Adverse factors may include "the nature and underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record, and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country." Id.
 
 
 14
 Favorable considerations may include "family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the respondent was of young age), evidence of hardship to the respondent and family if deportation occurs, service in this country's Armed Forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of a genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character (e.g., affidavits from family, friends, and responsible community representatives)." Id. at 584-85.
 
 
 15
 There is no set formula for weighing the adverse factors against the "equities" that the applicant presents when requesting discretionary relief. "As the negative factors grow more serious," however, "it becomes incumbent upon the applicant to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities." Id. at 585. Applicants "who have been convicted of serious drug offenses, particularly those involving the trafficking or sale of drugs," must show "unusual or outstanding countervailing equities." Id. at 586 n. 4. The Marin legal standard was adopted in this Circuit most recently by de Gonzalez, 996 F.2d at 807-8; see also In re Buscemi, 19 I & N Dec. 628 (BIA 1988). Since Djelaj was convicted of conspiracy to distribute cocaine, it was his burden to present such equities and demonstrate that discretionary relief should be exercised in his behalf.
 
 
 16
 This court has jurisdiction to review all final orders of deportation. 8 U.S.C. Sec. 1105a(a). We review decisions of the BIA for abuse of discretion. Balani v. INS, 669 F.2d 1157, 1161 (6th Cir.1982); de Gonzalez, 996 F.2d at 808. Under this standard, the BIA's decision should be upheld unless it was arbitrary or capricious, i.e. unless there was not meaningful evidence in the record to support that decision.
 
 III.
 
 17
 Among the "equities" Djelaj argued to the IJ, several are particularly "unusual or oustanding." Djelaj has long residence in the U.S., having lived here since 1973. He has significant family ties in the U.S., including two children who are U.S. citizens and a wife and third child who are permanent residents. His deportation would clearly visit serious hardship upon these family members. Djelaj owns a restaurant and other rental property, demonstrating significant economic ties to the U.S. and his local community. He presented affidavits from numerous individuals--parole officers, parish priests, a police officer, a business associate, a psychologist, neighbors, and his family--as to his good character and role in the community.
 
 
 18
 Both the IJ and the BIA found that these were "unusual or outstanding equities," indicating that Djelaj had met his threshold burden. Relief from deportation is not automatic, however, but a matter within the discretion of the immigration tribunal. See Cordoba-Chaves v. INS, 946 F.2d 1244, 1248 (7th Cir.1991) (BIA found unusual or outstanding equities and denied Sec. 212(c) relief); Chavez-Arreaga v. INS, 952 F.2d 952, 953 (7th Cir.1991) (same). Both the IJ and BIA found Djelaj's equities to be outweighed by his two convictions, for conspiracy to distribute cocaine and for an arson crime. While evidence of rehabilitation is normally required of applicants with criminal records, Marin, 16 I & N Dec. at 588, both the IJ and BIA found insufficient such evidence, given the seriousness and recentness of the convictions and Djelaj's downplaying of his role in his convicted offenses. (Despite being convicted of conspiracy to distribute, Djelaj maintains that he possessed drugs only for personal use, and he maintains his innocence of the arson crime despite having pleaded guilty to it.) See de Gonzalez, 996 F.2d at 809, 812 (IJ "may not reassess an alien's guilt or innocence"; alien's downplaying of role in convicted offenses is inconsistent with rehabilitation). In addition, somewhat balancing Djelaj's family ties and residence in the U.S. are the facts that he has many relatives in Yugoslavia, including his parents and siblings, that he knows the local language, and that he is familiar with the culture, having lived there until age 24. The IJ and BIA also noted Djelaj's relative youth and skills as a welder and manager, and his consequent ability to work in Yugoslavia.
 
 
 19
 The record demonstrates that the IJ and the BIA considered the full range of factors discussed in Marin as well as all of the evidence put forward by Djelaj at the deportation hearing. While both the IJ and the BIA recognized Djelaj's "equities," which are genuine, both decided that on balance they were outweighed by the seriousness of his two convictions and the lack of evidence of rehabilitation.
 
 
 20
 As this court has recently noted, "the BIA's failure to exercise its discretion [under Sec. 212(c) ] may well be an abuse of discretion," and it is alarming that the BIA has rarely if ever "exercised its discretion in favor of an alien convicted of a serious drug offense." De Gonzalez, 996 F.2d at 810-11. A drug conviction should not by itself automatically lead to denial of Sec. 212(c) relief--after all, Sec. 212(c) was enacted to provide the possibility of clemency precisely where an alien is being deported on the basis of his or her criminal record. See Marin, 16 I & N Dec. at 585 ("application for section 212(c) relief of necessity carries with it at least one adverse consideration," the ground on which the applicant is to be deported).
 
 
 21
 In this case, however, we cannot say that the BIA abused its discretion. Given the second conviction for a serious arson crime, there was sufficient adverse history on the basis of which the IJ and BIA could determine, in the exercise of their discretion, that Djelaj is not among those aliens whose deportation status Congress aimed to ameliorate when it enacted Sec. 212(c). The BIA decision affirming the IJ's denial of Djelaj's petition for relief from deportation was therefore not arbitrary, and this panel must affirm it. Accord Hazime v. INS, No. 93-3045, --- F.3d ---- (6th Cir.1993).
 
 IV.
 
 22
 In his briefs on appeal and at oral argument, Djelaj raises two issues that he did not raise before the IJ or BIA, and which therefore are technically not before us. First, Djelaj claims ineffective assistance of counsel at the original hearing before the IJ, apparently on the ground that his counsel did not submit a brief to the IJ. Even were this argument properly before us, however, Djelaj has made no showing of prejudice sufficient to sustain this claim.
 
 
 23
 Second, Djelaj claims that, as an ethnic Albanian, he will be persecuted if he returns to Yugoslavia. Since Djelaj has not entered a petition for asylum, such a claim would only be pertinent as a factor in the weighing of "equities." Again, even were this argument properly before us, Djelaj has not shown sufficient evidence of danger specific to him in order to disturb the BIA's weighing of the Marin factors.
 
 V.
 
 24
 For the forgoing reasons, the decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 [1]
 According to counsel at oral argument, Djelaj came from Titograd in the Yugoslav province of Montenegro, not far from the Albanian border. Although Slovenia, Croatia, and Bosnia-Herzegovina have gained international recognition as independent nations, Montenegro remains part of the Serb-dominated rump state of "Yugoslavia," and it is to Yugoslavia that Djelaj will be deported
 
 
 [2]
 "Any alien who at any time after entry has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ... other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." 8 U.S.C. Sec. 1251(a)(2)(B)(i)
 "Any alien who is, or at any time after entry has been, a drug abuser or addict is deportable." 8 U.S.C. Sec. 1251(a)(2)(B)(ii).