19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hassan Ahmad HAZIME, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 933914.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Hassan Ahmad Hazime petitions through counsel for review of an order of the Board of Immigration Appeals affirming the decision of an Immigration Judge which denied petitioner relief from deportation under Secs. 208, 243, or 212 of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158, 1253, and 1182. Hazime has not requested oral argument, and the respondent has affirmatively waived it. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hazime is a native of Lebanon who entered this country in 1978 at the age of 23. He is married to a United States citizen and has three children. He also has numerous other family members in this country. He has obtained advanced degrees in engineering in this country, and at one time was naturalized, but his citizenship has since been revoked. In 1985, Hazime entered guilty pleas to charges of conspiracy to possess with intent to distribute heroin and conspiracy to commit an offense against the United States, involving the transport of currency from the United States to Lebanon. In 1987, he also entered a guilty plea to unlawfully obtaining naturalization, based on his concealment of the above criminal activity in his application for citizenship. Deportation proceedings were commenced against him based on his conviction of a crime of moral turpitude and a controlled substance offense. He was found deportable, but moved for relief in the form of asylum under 8 U.S.C. 1158(a), withholding of deportation under 8 U.S.C. Sec. 1253(h)(1), and waiver of inadmissibility under 8 U.S.C. Sec. 1182(c). The Immigration Judge concluded that Hazime was statutorily ineligible for either asylum or withholding due to his aggravated felony conviction. A hearing was held on the waiver application, following which the Immigration Judge denied relief. The decision was affirmed on appeal to the Board of Immigration Appeals, and this appealed followed.
 
 
 3
 Hazime argues, without citation to any authority, that the Board of Immigration Appeals erred in finding him statutorily ineligible for asylum or withholding because he was not charged with deportability on the ground that he is an aggravated felon. He makes the separate argument that the Immigration Judge was required to make explicit findings that he is a danger to the community in order to justify the denial of withholding. Finally, he argues that the Board abused its discretion in denying his application for a waiver under 8 U.S.C. Sec. 1182(c), on the merits of his claim.
 
 
 4
 Upon review, we conclude that the Board of Immigration Appeals properly found Hazime statutorily ineligible for asylum or withholding due to his aggravated felony conviction. Sections 1158(d) and 1253(h)(2) of Title 8 of the United States Code both state that an alien convicted of an aggravated felony is precluded from the relief otherwise afforded in those sections. Hazime's 1985 conviction for conspiracy to possess with intent to distribute heroin is a "drug trafficking crime" and therefore an "aggravated felony" within the meaning of the Anti-Drug Abuse Act of 1988, which encompasses convictions which occurred prior to the adoption of the aggravated felony provision. See Martins v. I.N.S., 972 F.2d 657, 659-60 (5th Cir.1992) (per curiam). Further, the drug conviction is listed as one of the bases for the deportation. The Board's ruling was therefore proper. The separate argument that a specific finding of danger to the community is required to deny withholding is similarly meritless. See Mosquera-Perez v. I.N.S., 3 F.3d 553, 559 (1st Cir.1993); Martins, 972 F.2d at 661.
 
 
 5
 Furthermore, we find no abuse of discretion in the decision to deny Hazime the discretionary relief of a waiver under 8 U.S.C. Sec. 1182(c). See Craddock v. I.N.S., 997 F.2d 1176, 1178-79 (6th Cir.1993). The record shows that the Immigration Judge considered and weighed both the positive and negative factors in this case before concluding that, although Hazime demonstrated outstanding equities, he was not entitled to discretionary relief. See Ashby v. I.N.S., 961 F.2d 555, 557 (5th Cir.1992). Hazime has not shown that the decision was made without rational explanation, in an inexplicable departure from established policies, or on an impermissible basis such as invidious discrimination against race. See Craddock, 997 F.2d at 1179.
 
 
 6
 Accordingly, the order of the Board of Immigration Appeals affirming the decision of the Immigration Judge to deny relief from deportation on any ground is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.