79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Myron DOBRIANSKY, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-4279.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1996.
 
 Before: SILER and DAUGHTREY, Circuit Judges, and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 The petitioner, Myron Dobriansky, appeals the decision of the Board of Immigration Appeals, which found him deportable based on his conviction for conspiring to distribute cocaine. For the reasons stated below, we find no abuse of discretion and affirm the Board's judgment.
 
 
 2
 The petitioner is a 36-year-old permanent resident of this country. Living in Parma, Ohio, he is a machinist who came to the United States when he was 14 under an immigrant petition filed by his mother, a United States citizen. His mother, who left the United States at age six, had not spent enough time in the United States to confer citizenship on him. Except for a three-month trip to his native Poland in 1968, and two or three short trips to Canada, he has resided in this country continually since his arrival.
 
 
 3
 In 1969, Dobriansky was convicted of possession of a counterfeit $20.00 bill. He was granted a waiver of deportation under 8 U.S.C. § 1182(c). In 1987, Dobriansky was convicted of conspiracy to distribute cocaine and sentenced to one year in prison. In the subsequent deportation proceedings at issue in this case, he conceded that he was deportable under 8 U.S.C. § 1251 (1988) because of the conviction, but sought asylum, withholding of deportation, and a second waiver of deportation under 8 U.S.C. § 1182(c).
 
 
 4
 At the time of his deportation hearing, the evidence showed that the petitioner was married to Maria Dobriansky, a United States citizen who was pregnant with the petitioner's child and dependent on the petitioner for support. The petitioner also had a 20-year-old son, who is a United States citizen, and an 11-year-old daughter, for whom he paid child support. He did not visit them frequently, however. In addition, the petitioner's father relied on him extensively to help translate, conduct business, and take him to the doctor.[2] Dobriansky also had two brothers at the time of the hearing, but according to his brief, one has since died.
 
 
 5
 Several witnesses testified at the hearing about Dobriansky's good character. The priest at Dobriansky's church described Dobriansky as an active parishioner. His friend, Walter Gazda, testified that Dobriansky is caring, patient, and hardworking, and also described his involvement with youth soccer and politics. Gazda believed that the petitioner was rehabilitated. A second friend, Andrew Sheparovich, testified to Dobriansky's honesty and good character. A municipal court judge testified about his friendship with Dobriansky and the hardship that deportation would create for Dobriansky's family. Dobriansky's then-pregnant wife testified that the petitioner had overcome his drug problem and was working hard to straighten out his life. She indicated that she and their child might not accompany the petitioner overseas because her mother was dying. Dobriansky finally testified about his previous drug use and drug sales at the bar he owned. He insisted that he was rehabilitated, that he attended counseling sessions, and that all of his weekly drug tests have been negative.
 
 
 6
 Under 8 U.S.C. § 1182(c).
 
 
 7
 [a]liens lawfully admitted for permanent resident who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the [excludability provisions in the Immigration and Naturalization Act, 8 U.S.C. § 1182(a) ].
 
 
 8
 Although this provision seems to grant relief only to permanent residents who are returning from overseas, we have found this discretionary waiver of deportation applicable to aliens even if they have not traveled overseas. Hazime v. I.N.S., 17 F.3d 136, 138 (6th Cir.), cert. denied, 115 S.Ct. 331 (1994). In determining whether an alien is entitled to this "waiver of inadmissibility," the immigration judge must balance the "adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented on his behalf." Id. (citing Matter of Marin, 16 I & N Dec. 581, 584 (B.I.A. 1978)). The immigration judge should look to the alien's length of residence and family ties in the United States, the age at which the alien arrived in this country, his or her military service, employment history, property and business ties, community service, genuine rehabilitation, evidence of hardship on the family if deportation occurs, and other evidence of good character. Negative factors include the circumstances leading to the finding of deportability, other violations of immigration laws, the nature, recency, and seriousness of any crimes, and any other evidence of bad character. See Marin, 16 I & N Dec. at 584-5. If an alien has been convicted of a serious offense, he or she must demonstrate unusual or outstanding equities. DeGonzalez v. I.N.S., 996 F.2d 804, 807-8 (6th Cir.1993).
 
 
 9
 This court reviews the Board's decision only for abuse of discretion. Craddock v. I.N.S., 997 F.2d 1176, 1178 (6th Cir.1993); DeGonzalez, 996 F.2d at 808. The record must show that the Board has weighed the equities. Hazime, 17 F.3d at 140. Unless the decision is irrational, inexplicably departs from established policies, or rests on an impermissible basis such as invidious discrimination, this court will affirm the Board. Craddock, 997 F.2d at 1179; Balani v. I.N.S., 669 F.2d 1157, 1161 (6th Cir.1982)(per curiam). Hazime describes the standard of review as "exceedingly narrow" because of the broad statutory discretion of the Attorney General. 17 F.3d at 140.
 
 
 10
 The Board properly weighted the equities in this case and did not abuse its discretion by denying a waiver of inadmissibility. The Board accepted the immigration judge's interpretation of the petitioner's testimony as showing lack of remorse or understanding of the severity of his crime. The Board also considered the fact that the petitioner had received a waiver of inadmissibility after his conviction for possessing counterfeit money. In addition to these negative factors, the Board considered the "unusual" and "outstanding" equities in Dobriansky's favor, but found them insufficient to outweigh the negative factors. The Board emphasized that Maria Dobriansky married the petitioner with the knowledge that he was deportable, thus minimizing the importance of the marriage.
 
 
 11
 Before this court, the petitioner reargues the equities. He insists that he is not a habitual criminal because his previous conviction occurred long ago. He emphasizes the extent of his family ties in the United States and the extent to which his family depends on him. He also emphasizes the fact that he has been in the United States since his childhood and that he has no family in Poland. He further points to his strong employment history and his history of managing low-income homes. He discusses his community service as a soccer coach for children and political volunteer. Dobriansky insists that he is genuinely rehabilitated, arguing that he attended Cocaine Anonymous meetings and received negative drug test results. Finally, he insists that a denial of a waiver in this case appears to be a de facto ruling that discretionary relief is unavailable in a case involving conviction for a drug offense.
 
 
 12
 In response, the I.N.S. reemphasizes the burden of proof and insists that the Board did not abuse its discretion by denying a second waiver of deportation. It argues that the decision was rational, did not depart from established policies, and did not rest on an impermissible basis. The decision, it insists, reflects the strong policy against lenient treatment of drug offenders. See Ignacio v. I.N.S., 955 F.2d 295, 299 (5th Cir.1992); Chavez-Arreaga v. I.N.S., 952 F.2d 952, 953 (7th Cir.1991)("the norm under the statute is deportation after a drug offense"); Hazime, 17 F.3d at 141; Craddock, 997 F.2d at 1179; DeGonzalez, 996 F.2d at 811. Moreover, the I.N.S. argues that in light of the petitioner's previous waiver, the Board's decision appears to be a rational response to a second offense. Despite the appeal of the mitigating evidence offered by the petitioner, we have little choice but to agree.
 
 
 13
 Because we find that the Board of Immigration Appeals did not abuse its discretion by denying a waiver of deportation, we AFFIRM the judgment of the Board.
 
 
 
 *
 The Hon. Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 According to the brief, the petitioner's father has become more of a responsibility since the petitioner's stepmother filed for divorce. This evidence is not, however, in the record