United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30553
Summary Calendar

_____

DUNCAN VICTOR AYEMERE IDOKOGI,

Petitioner-Appellant,

versus

JOHN ASHCROFT; KEVIN D. ROONEY;
EDWARD J. MCELROY; BENEDICT FERRO;
CARYL G. THOMPSON; U.S. DEPT. OF JUSTICE,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-205
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Duncan Victor Ayemere Idokogi, a Nigerian citizen who is a permanent resident of the United States, appeals the district court's order lifting the stay of his removal. Idokogi argues that he is not an aggravated felon. He argues that the denial of a stay is an unconstitutional violation of his due-process rights and that permanent exile from this country and separation from his family is irreparable injury.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appeal from an order dissolving an injunction is governed by 28 U.S.C. § 1292(a)(1). "[T]he first question . . . is whether the order appealed from <u>specifically</u> denied an injunction (whether permanent or preliminary), or merely had the <u>practical effect</u> of doing so." <u>E.E.O.C. v. Kerrville Bus Co., Inc.</u>, 925 F.2d 129, 131 (5th Cir. 1991). If the order specifically denied an injunction, "that order is appealable as of right, right away." <u>Id.</u> at 132.

We have noted that a request for a judicial stay of deportation is akin to and should be treated as a request for an injunction. See <u>Ignacio v. INS</u>, 955 F.2d 295, 299 n.5 (5th Cir. 1992)). In Idokogi's petition, Idokogi requested an order enjoining the Government from deporting him until a full hearing on the merits of his claim was had. By lifting the previous grant of the request for a stay, the district court's order specifically denies this request. Therefore, we have jurisdiction over Idokogi's appeal from the district court's decision to lift the stay of the removal order.

We review an order denying an injunction for abuse of discretion. See <u>Regions Bank v. Rivet</u>, 224 F.3d 483, 488 (5th Cir. 2000); <u>Lakedreams v. Taylor</u>, 932 F.2d 1103, 1107 (5th Cir. 1991). The relief sought by Idokogi in the district court is connected "directly and immediately" with the Attorney General's decision to commence removal proceedings against him. See <u>Humphries v. Various Federal USINS Employees</u>, 164 F.3d 936, 943

(5th Cir. 1999).  The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal.  See 8 U.S.C. § 1252(g); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999). Accordingly, the district court did not abuse its discretion in ordering the stay lifted.  The district court's order is AFFIRMED.