# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60072
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
June 1, 2017

Lyle W. Cayce
Clerk

SANTIAGO A. MORALES, also known as Santiago Antonio Campos Morales, also known as Santiago Antonio Campos-Morales,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 010 870

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Santiago A. Morales, a native and citizen of El Salvador, has filed a petition for review of the decision of the Board of Immigration Appeals ("BIA") dismissing the appeal of his removal order. We review the BIA's legal conclusions *de novo* and its factual findings for substantial evidence. *Carranza-De Salinas v. Holder*, 700 F.3d 768, 772 (5th Cir. 2012). We will

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review the decision of the immigration judge ("IJ") only if it "has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

Morales argues that he received ineffective assistance of counsel and should now be permitted to apply for asylum, withholding of removal, and relief under the Convention Against Torture. The BIA dismissed Morales's ineffective assistance of counsel claim because Morales did not comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), which require strict compliance. *See Hernandez-Ortez v. Holder*, 741 F.3d 644, 647 (5th Cir. 2014). Regardless, Morales's brief does not address the BIA's conclusion that he failed to comply with the *Lozada* requirements, and we therefore consider the issue to be abandoned. *See Bright v. Holder,* 649 F.3d 397, 399 n.1 (5th Cir. 2011).

Morales also argues that the IJ erred in determining that he was barred from seeking an adjustment of status, asserting that he enjoys constitutional protections and presents no public danger. Morales did not argue this issue in his appeal brief to the BIA. "[W]e 'may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.'" *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009) (quoting 8 U.S.C. § 1252(d)(1)). Because Morales did "not first raise the issue before the BIA, either on direct appeal or in a motion to reopen," we lack jurisdiction to review the IJ's conclusion that he cannot qualify for adjustment of status. *Id.* at 318–19.

Finally, Morales asks us to reconsider our earlier ruling denying him a stay of deportation during the pendency of his appeal. Morales did not meet the standard for granting a stay of deportation. *See Ignacio v. I.N.S.*, 955 F.2d 295, 299 (5th Cir. 1992). The motion is DENIED. Morales's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.