Randolph, Senior Circuit Judge, dissenting: I entirely agree with Judge Kavanaugh’s dissenting opinion.[1] I write to identify a separate constitutional issue that provides an additional reason for setting aside not only the order of the Director of the Consumer Financial Protection Bureau, but also all proceedings before the CFPB’s Administrative Law Judge, including his Recommended Decision. After the CFPB’s enforcement unit filed a Notice of Charges against PHH, an Administrative Law Judge held a nine-day hearing and issued a recommended decision, concluding that petitioners had violated the Real Estate Settlement Procedures Act of 1974. In PHH’s administrative appeal, the Director “affirm[ed]” the ALJ’s conclusion that PHH had violated that Act. I believe the ALJ who presided over the hearing was an “inferior Officer” within the meaning of Article II, section 2, clause 2 of the Constitution. That constitutional provision requires “inferior Officers” to be appointed by the President, the “Courts of Law,” or the “Heads of Departments.” This ALJ was not so appointed. Pursuant to an agreement between the CFPB and the Securities and Exchange Commission, the SEC’s Chief Administrative Law Judge assigned him to the case. In addition to the unconstitutional structure of the CFPB, this violation of the Appointments Clause rendered the proceedings against PHH unconstitutional. This case is indistinguishable from Freytag v. Commissioner of Internal Revenue, 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). My reasoning is set forth in Landry v. Federal Deposit Insurance Corp., 204 F.3d 1125, 1140-44 (D.C. Cir. 2000) (Randolph, J., concurring in part and concurring in the judgment). There is no need to repeat what I wrote there. The majority opinion in Landry disagreed with my position, but PHH has preserved the issue for judicial review. The CFPB has argued that PHH waived the issue because it did not raise it before the CFPB. But the Freytag petitioners also raised their constitutional objection to the appointment of the special trial judge for the first time on appeal. See Freytag, 501 U.S. at 892-95, 111 S.Ct. 2631 (Scalia, J., concurring). There is no difference between this case and Freytag, except that in light of the majority opinion in Landry it would have been futile for PHH to object, a point that cuts in PHH’s favor. Since the panel decision in this case, several developments have occurred with respect to the Appointments Clause issue. The Tenth Circuit in Bandimere v. SEC, 844 F.3d 1168 (10th Cir. 2016), pet. for cert. pending, No. 17-475 (filed Sept. 29, 2017), disagreed with the majority opinion in Landry and held that the SEC’s ALJs are invested with powers that require their appointment as inferior officers under the Appointments Clause. In addition, the Fifth Circuit granted a stay of an FDIC order because the respondent had established a likelihood of success on his claim that the ALJ who presided over his proceeding was an officer who was not properly appointed under the Appointments Clause. Burgess v. FDIC, 871 F.3d 297 (5th Cir. 2017). In so ruling, the Fifth Circuit also expressly disagreed with Law-dry, In the meantime, our court, sitting en banc, split 5 to 5 in Lucia v. SEC, a case in which the panel—relying on Landry -had reached a conclusion in direct conflict with Bandimere. Raymond J. Lucia Cos. v. SEC, 868 F.3d 1021 (D.C. Cir. 2017) (en banc). On June 26, 2017, the equally-divided en banc court issued a per curiam order denying the petition for review.' On November 29, 2017, the Solicitor General, on behalf of the SEC, filed a response to Lucia’s certiorari petition. The Solicitor General confessed error and acquiesced in .certiorari.'That is, the S.G. agreed that the SEC’s ALJs are “inferior officers” within the meaning of the Appointments Clause and, as such, were not properly appointed. Brief for the Respondent at 10-19, Lucia v. SEC, No. 17-130 (filed Nov. 29, 2017). On January 12, 2018, the Supreme Court granted certiorari. 2018 WL 386565, — U.S. —, 138 S.Ct. 736, 199 L.Ed.2d 602 (S.Ct. Jan. 12, 2018). Given this state of affairs, the en banc majority, should withhold any order remanding this case to the CFPB until the Supreme Court decides Lucia. Cf. Order, Timbervest, LLC v. SEC, No. 15-1416 (D.C. Cir. Aug. 8, 20Í7); Order, J.S. Oliver Capital Mgmt. v. SEC, No. 16-72703 (9th Cir. Oct. 25, 2017). As the Court held in Freytag, Appointments Clause violations go “to the validity” of the underlying proceedings. 501 U.S. at 879, 111 S.Ct. 2631. Suppose the Supreme Court agrees with the Solicitor General in Lucia, which seems entirely probable. Then not only the CFPB Director’s order, but'also all proceedings before the ALJ, including the ALJ’s Recommended Decision, would be invalid. Nevertheless, the majority—relying on the order granting en banc in PHH— remands the case to the CFPB ■ without waiting for the Supreme Court to decide Lucia.- Maj. Op. at 83-84. The en banc order stated: “While not otherwise limited, the parties are directed to address” the consequences of a decision that the ALJ in Lucia was an inferior officer. Order, PHH Corp. v. CFPB, No. 15-1177 (D.C. Cir. Feb. 16, 2017) (emphasis added). Two points about the order are worth noting. The first is that the order limited neither the issues to , be argued nor the issues to be decided. The second is that the order embodied the en banc court’s judgment that the. proper disposition of this case required consideration of the outcome in Lucia. Of course, the posture has changed. At the time of the en banc order, Lucia was pending in this court; now Lucia is pending in the Supreme Court. That difference makes it all the more important that we wait for the Supreme Court’s decision.