T.C. Memo. 2019-74

UNITED STATES TAX COURT

ALDO V. FONTICIELLA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23776-15L.                    Filed June 13, 2019.

<u>Joseph A. DiRuzzo III</u>, <u>Christopher J. Rajotte</u>, <u>Jennifer Correa Riera</u>, and <u>Daniel M. Lader</u>, for petitioner.

<u>G. Chad Barton</u> and <u>H. Elizabeth H. Downs</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>: Petitioner commenced this case under section 6330(d)(1)[1] seeking review of respondent's proposed collection action. In this opinion we

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] consider petitioner's two procedural motions, which do not address the merits of respondent's proposed collection action. Petitioner's motion, filed on September 15, 2018, seeks to have the Court hold that the Internal Revenue Service (IRS) Office of Appeals (Appeals) is "unconstitutional" because of an alleged violation of the separation of powers doctrine (separation motion). In an earlier motion, filed on September 30, 2017, petitioner seeks to have his case remanded on the grounds that the Appeals settlement officer is an "Officer of the United States" who was not appointed in a manner consistent with the Appointments Clause (appointments motion).[2]

The merits of the arguments in petitioner's appointments motion were addressed and decided adverse to petitioner's position in Tucker v. Commissioner, 135 T.C. 114 (2010), aff'd, 676 F.3d 1129 (D.C. Cir. 2012). Further, petitioner's arguments in the separation motion address essentially the same underlying facts, concepts, and legal principles that were considered by the Court and were the basis for this Court's holding in Tucker. Petitioner has not advanced precedents contradictory to the holding in Tucker or controlling legal authorities with respect to either pending motion. We decline to reverse our holding in Tucker, and we

---

[2]Petitioner supplemented his appointments motion on October 5, 2018.

**[*3]** will deny petitioner's motions. The merits of the underlying collection case will be considered separately.

## Background

The following background is drawn from the parties' pleadings, motions, and declarations and exhibits attached thereto. This background is set forth solely for the purpose of ruling on the motions and is not intended as findings of fact in this case. See Rule 1(b); Fed. R. Civ. P. 52(a).

Petitioner is a cardiologist and the sole owner of Heart Associates of South Arkansas, Ltd. (Heart Associates). He alleges that Heart Associates' controller and accountant embezzled from him and his business. Petitioner further alleges that he incurred personal tax liabilities to respondent for taxable years 2007, 2008, 2009, 2012, and 2013 because his controller and accountant mishandled their duties in addition to the embezzlement.

Respondent assigned an Appeals settlement officer to handle petitioner's collection due process (CDP) hearing. On August 14, 2015, respondent issued to petitioner a notice of determination relating to the years in issue. Petitioner, while residing in Arkansas, timely filed his petition with the Court.

**[\*4]**  Petitioner moves this Court to declare that Appeals is an unconstitutional de facto independent agency, which violates the separation of powers doctrine, and separately seeks to have the Court remand his case to Appeals on the basis that the Appeals settlement officer who reviewed his case was an "Officer of the United States" and was not constitutionally appointed in a manner consistent with the Appointments Clause.  The facts and analysis presented in petitioner's motions are substantially similar to those considered by this Court in <u>Tucker v. Commissioner</u>, 135 T.C. 114.

Discussion

A.  <u>Separation Motion--Independent Agency</u>

Petitioner argues that Appeals is a de facto independent agency because of "its unique, independence-promoting structure" that fails to meet the constitutional separation of powers doctrine.  Respondent contends, in agreement with the Court's reasoning in <u>Tucker v. Commissioner</u>, 135 T.C. at 134, that "Appeals is a component of the IRS within the department of Treasury."  Accordingly, respondent argues that "[t]here is no authority for the position that Appeals is a 'de facto independent agency.'"  We agree.

**[\*5]**   Generally, separation of powers derives from the Constitution's division of the responsibilities of governing into three separate branches of Government.  See U.S. Const. arts. I, II, and III.  Congress, under certain circumstances, can create independent agencies to address concerns that go beyond the scope of ordinary legislation.  See generally Humphrey's Ex'r v. United States, 295 U.S. 602 (1935).

In Tucker, the taxpayer challenged the constitutionality of the Appeals settlement officers who conducted his CDP hearing and the team manager who signed and issued the notices of determination.  To answer this question, the Court provided thoughtful and thorough analysis of the history of Appeals.  Tucker v. Commissioner, 135 T.C. at 126-157.  The Court held in Tucker that an Appeals settlement officer was not an "Officer of the United States" for purposes of the Appointments Clause, and the issue of whether Appeals is an independent agency is resolved by its reasoning therein.  Id. at 163-165.

Petitioner's argument that Appeals is an independent agency because of references to the term "independent " in connection with the function of Appeals exaggerates the meaning of independence in the context of Appeals' function.  Although Appeals has an independent function within the IRS, it does not mean that Appeals is inherently an independent agency.  We hold that Appeals is not a de facto independent agency in accordance with the Court's reasoning in Tucker.

**[\*6]** Petitioner argues that Appeals is an independent agency because there is no historical precedent for Appeals and its duties "transcend purely executive functions". Independent agencies are created by statute, and Appeals, in its current form, was not created by statute. See id. at 153-154. Although Appeals' precursor, the Advisory Tax Board, was established by statute, see Revenue Act of 1918, ch. 18, 40 Stat. 1057, the Internal Revenue Service Restructuring & Reform Act of 1998 (RRA), Pub. L. No. 105-206, 112 Stat. 685, enacted provisions addressing the current function of Appeals within the IRS, see RRA secs. 1001, 3401, 112 Stat. at 689, 746. The references to Appeals, including those to Appeals officers, did not create a new Appeals separate from the IRS but reflected a reorganization of the existing Appeals function within the IRS.[3] See Tucker v. Commissioner, 135 T.C. at 135-137; see also secs. 6320, 6330. When Congress enacted the 1998 CDP provisions in sections 6320 and 6330, it used the preexisting Appeals function within the IRS and Treasury and committed the new CDP function to that office. Tucker v. Commissioner, 135 T.C. at 153.

Although petitioner argues that the RRA created Appeals as it is known today and that its structure (e.g., its independence and the prohibition of ex parte

---

[3]Appeals was originally a creature of regulation. See Tucker v. Commissioner, 135 T.C. 114, 153 n.69, 156 (2010), aff'd, 676 F.3d 1129 (D.C. Cir. 2012).

[*7] communications between Appeals officers and other IRS employees) is that of a de facto independent agency, the RRA explicitly provides for "an independent appeals function <u>within</u> the Internal Revenue Service." RRA sec. 1001(a)(4), 112 Stat. at 689 (emphasis added). Petitioner's argument examines the "independent appeals function" with little regard to its use in context (i.e., "within the Internal Revenue Service"). Moreover, while the RRA provides that "[t]he Commissioner of Internal Revenue shall ensure that an appeals officer is regularly available within each State", RRA sec. 3465(b), 112 Stat. at 768,[4] and prescribes other procedures for hearings in Appeals, the requirements of the RRA do not rise to the level required to establish an independent agency separate from the IRS, <u>see generally</u> <u>Tucker v. Commissioner</u>, 135 T.C. at 137-138. Although Congress established an independent function within the IRS and prescribed procedures for Appeals, the use of the term "independent" to describe Appeals' function does not automatically make Appeals an independent agency.[5]

---

[4]Some States do not have a permanent Appeals presence, but Appeals officers travel circuit to those States. <u>See generally</u> National Taxpayer Advocate, 2018 Annual Report to Congress (Vol. One) 310.

[5]Notable examples of independent agencies legislatively created by Congress include the Equal Employment Opportunity Commission and the Securities and Exchange Commission. <u>See</u> Civil Rights Act of 1964, Pub. L. No. 88-352, sec. 705, 78 Stat. at 258 (codified as amended at 42 U.S.C. sec. 2000e-

(continued...)

[*8]    Appeals in its current form exists pursuant to section 7804(a), which provides:

> SEC. 7804(a).  Appointment and Supervision.--Unless otherwise prescribed by the Secretary, the Commissioner of Internal Revenue is authorized to employ such number of persons as the Commissioner deems proper for the administration and enforcement of the internal revenue laws, and the Commissioner shall issue all necessary directions, instructions, orders, and rules applicable to such persons.

> See Tucker v. Commissioner, 135 T.C. at 135, 153.

Pursuant to this mandate, the Commissioner established Appeals "to resolve tax controversies, without litigation, on a basis which is fair and impartial to both the Government and the taxpayer in a manner that will enhance voluntary compliance and public confidence in the integrity and efficiency of the Service." Internal Revenue Manual pt. 8.6.2.1.1 (Aug. 17, 2017).  Appeals' independence within the IRS was emphasized as a result of the RRA and remains a crucial aspect of resolving tax controversies.  Appeals, however, is not a de facto independent agency as a result of its independence from other functions within the IRS.

---

[5](...continued) 4(a) (2018)); Securities Act of 1934, ch. 404, sec. 4, 48 Stat. at 885 (codified as amended at 15 U.S.C. sec. 78d (2018)).  In these instances, Congress explicitly created the agency as an independent agency through statute.

**[*9]** Petitioner further argues that Appeals' structure "exemplifies an independent agency" and that the structure of Appeals violates the separation of powers doctrine because the Chief of Appeals is not accountable to the President or the Commissioner. Relying heavily on a dissenting opinion in PHH Corp. v. Consumer Fin. Prot. Bureau, 881 F.3d 75 (D.C. Cir. 2018),[6] and on Collins v. Mnuchin, 896 F.3d 640 (5th Cir. 2018), reh'g en banc granted, 908 F.3d 151 (5th Cir. 2018), and Free Enter. Fund v. Pub. Co. Accounting Oversight Bd., 561 U.S. 477, 483 (2010), petitioner has not cited to any majority opinions or existing precedents that are contradictory to the reasoning in Tucker.

In PHH Corp.[7] the Court of Appeals for the D.C. Circuit considered whether the Federal statute establishing the structure of the Consumer Financial Protection

---

[6]It is unclear to the Court as to why petitioner cites to the dissenting opinion in PHH Corp. v. Consumer Fin. Prot. Bureau, 881 F.3d 75 (D.C. Cir. 2018), throughout his motions and reply. Although the dissenting opinions are generally on the subject we consider, they are not in any manner dispositive of the specific issue we consider or contrary to our holding in Tucker v. Commissioner, 135 T.C. 114 (2010).

[7]The Court of Appeals for the Fifth Circuit reheard the case in Collins v. Mnuchin, 896 F.3d 640 (5th Cir. 2018) (holding the structure of the Federal Housing Finance Authority unconstitutional in violation of the Constitution's separation of powers principles), reh'g en banc granted, 908 F.3d 15 (5th Cir. 2018), in January 2019. Because the Court of Appeals has not yet filed a decision on the rehearing, we decline to comment on petitioner's arguments relating to this case.

**[\*10]** Bureau (CFPB) violated the separation of powers doctrine. Contrary to Appeals' role within Treasury and the IRS, Congress explicitly established the CFPB to serve as an independent agency, see Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, sec. 1011, 124 Stat. at 1964 (2010),[8] and as an independent agency, the CFPB was subject to the separation of powers doctrine. Congress created the CFPB with a single director protected against removal by the President without cause (i.e., only for "inefficiency, neglect of duty, or malfeasance in office"), and the Court of Appeals held that there was no constitutional defect in the protection against removal. See PHH Corp., 881 F.3d at 95.

While it is well settled that a director, board, or commission of independent agencies must be accountable to the President pursuant to the separation of powers doctrine, petitioner mistakenly makes the analogy that the IRS Chief of Appeals is the equivalent of the single independent agency director of the CFPB. See generally U.S. Const. art. II; Free Enter. Fund, 561 U.S. at 483. Petitioner argues that the President's inability to remove the Chief of Appeals is comparable to the

---

[8]For example, Congress established the CFPB by stating that "[t]here is established in the Federal Reserve System, an independent bureau to be known as the 'Bureau of Consumer Financial Protection * * *'." Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, sec. 1011, 124 Stat. at 1964 (2010) (codified at 12 U.S.C. sec. 5491(a) (2018)).

**[\*11]** unconstitutional removal restrictions discussed in <u>Free Enter. Fund</u>. In that case the Supreme Court held that dual for-cause limitations on removal of members of the Accounting Oversight Board violated the separation of powers doctrine because the second layer resulted in a situation where "[n]either the President, nor anyone directly responsible to him, nor even an officer whose conduct he may review only for good cause, has full control over the Board." <u>Free Enter. Fund</u>, 561 U.S. at 496.

Appeals, however, is not a statutorily created independent agency, and consequently the separation of powers doctrine does not apply to Appeals in this manner. Appeals does not "operate[] * * * virtually free of any presidential oversight and without accountability to the people" as petitioner argues in his separation motion. The President retains full oversight of the Commissioner pursuant to section 7803(a), and the Commissioner, in turn, exercises his delegated authority under section 7804 to accomplish the duties and mission of the IRS, including Appeals.

Petitioner failed to advance in his motion any persuasive argument or citation that supports his position that Appeals is an independent agency subject to the separation of powers doctrine. Accordingly he fails to persuade us that Appeals is anything more than a component of the IRS as was explained in

[*12] <u>Tucker</u>.  For the reasons described above, we will deny petitioner's separation motion in a subsequent order.

B.  <u>Appointments Motion</u>

In petitioner's appointments motion he requests that the Court declare the Appeals settlement officer in his case an "Officer of the United States" and remand the case to Appeals for a hearing before an Appeals employee appointed in a manner consistent with the Appointments Clause of the Constitution. Respondent contends, and we agree, that the Court's holding in <u>Tucker v. Commissioner</u>, 135 T.C. at 165, is controlling in this matter.

Petitioner asks that we overrule <u>Tucker</u>, which was affirmed by the Court of Appeals for the D.C. Circuit, on the basis of recent decisions involving the appointment of administrative law judges.  See, e.g., <u>Lucia v. SEC</u>, 585 U.S. ___, 138 S. Ct. 2044 (2018); <u>Burgess v. FDIC</u>, 871 F.3d 297 (5th Cir. 2017); <u>Helman v. Dep't of Veterans Affairs</u>, 856 F.3d 920 (Fed. Cir. 2017); <u>Bandimere v. SEC</u>, 844 F.3d 1168 (10th Cir. 2016).  However, the recent decisions regarding the appointment of administrative law judges do not require a departure from established and controlling precedent.

The Appointments Clause of the Constitution provides the "exclusive means of appointing 'Officers [of the United States].'"  <u>Lucia</u>, 585 U.S. at ___, 138 S. Ct.

**[\*13]** at 2051; see U.S. Const. art. II, sec. 2, cl. 2. Principal Officers must be nominated and confirmed by the Senate, and in the case of inferior Officers "Congress may by Law vest" their appointment "as they [in Congress] think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art. II, sec. 2, cl. 2; see id. cl. 1; Tucker v. Commissioner, 135 T.C. at 122.

In Tucker v. Commissioner, 135 T.C. at 116-117, we held that "appeals officers" pursuant to section 6320 or 6330 were not "Officer[s] of the United States" because the position of an Appeals officer was not "'established by Law' to which the * * * [Appointments Clause] applies" and "the CDP hearing officer does not exercise * * * 'significant authority'". Reaching the same conclusions here, the Court will also deny petitioner's appointments motion in a subsequent order.

To reflect the foregoing,

An appropriate order will be issued.